# United States District Court
## Northern District of Indiana

BOBBY KYLES,          )
                           )
        Petitioner,      )
                           )
vs.                     )     Civil Action No. 3:16-CV-013 JVB
                           )
SUPERINTENDENT,   )
                           )
        Respondent.    )

## OPINION AND ORDER

Bobby Kyles, a *pro se* prisoner, filed a habeas corpus petition (DE 2) pursuant to 28 U.S.C. § 2254 challenging his conviction and 50 year sentence by the Allen Superior Court under cause number 02D04-0709-FA-71 on May 23, 2008. However, this petition is untimely. Habeas corpus petitions are governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA imposes a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Here, Kyles was convicted on May 23, 2008. (DE 2 at 1.) His conviction was affirmed by the Indiana Court of Appeals and he sought transfer to the Indiana Supreme Court. (*Id.*) The Indiana Supreme Court affirmed his conviction and sentence on May 16, 2009. (*Id.*) Kyles did not pursue any post-conviction relief. (*Id*. at 1-2.) Calculating the 1-year period of limitation from the expiration of the time for filing a petition for certiorari with the United State Supreme Court, results in the judgment becoming final on August 16, 2009. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Under 28 U.S.C. § 2244(d)(1)(A), Kyles had one year from that date, until August 16, 2010, to file a timely habeas corpus petition. Kyles did not file this petition until January 6, 2016. Accordingly, the habeas corpus petition is more than six years late.

Kyles makes no argument that there was any impediment that prevented him from filing his habeas petition sooner nor does he assert that any of his claims are based on a newly recognized constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable to this case. Kyles does base his claims on what he terms "newly discovered evidence," (DE 2 at 3), and therefore the court will consider whether 28 U.S.C. § 2244(d)(1)(D) is applicable. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

Here, Kyles asserts that there are two pieces of newly discovered evidence. First, he points to letters that his former attorney sent to him before he was convicted in 2008. (DE 2 at 3.) He says those letters will show that he wanted to plead guilty. Second, Kyles points to a witness who testified in his first trial, but did not testify in his second trial. (*Id.*) He claims that if the witness would have testified at his second trial, the jury would not have found him guilty. Regardless of the impact of this evidence, neither piece is can be fairly characterized as newly discovered. It is clear that Kyles knew of both of these "facts" before he was convicted in 2008. Thus, he has not shown that he meets the requirements of Section 2244(d)(1)(D). Therefore, his petition is untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the foregoing reasons, the petition (DE 2) is **DENIED** pursuant to RULE 4 OF THE

RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of

appealability.

**SO ORDERED** on January 29, 2016.

         s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division